UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ERISA INDUSTRY COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Civil Action No. 25-0136 (TJK) |

### DEFENDANTS' MOTION FOR ABEYANCE

By and through undersigned counsel, Defendants, U.S. Department of Health and Human Services, U.S. Department of the Treasury, and U.S. Department of Labor (hereinafter "Departments"), respectfully move to hold this case in abeyance pending the Departments' reconsideration of the rule challenged in this litigation.

1.   This appeal involves a challenge to a rule issued by the Departments that implements the requirements imposed by the Mental Health Parity and Addiction Equity Act (MHPAEA), as amended by the Consolidated Appropriations Act, 2021 (CAA, 2021). The rule at issue is Requirements Related to the Mental Health Parity and Addiction Equity Act, 89 Fed. Reg. 77586 (Sept. 23, 2024) (2024 Rule). This court ordered the Departments to file an answer by May 12, 2025. (Doc. # 8, "Minute Order").

2.   The Departments have informed undersigned counsel that they intend to reconsider the 2024 Rule at issue in this litigation, including whether to issue a notice of proposed rulemaking rescinding or modifying the regulation.

3. The 2024 Rule has two applicability dates: plan years beginning on or after January 1, 2025, and plan years (in the individual market, policy years) beginning on or after January 1, 2026. On April 25, 2025, the Departments informed undersigned counsel that they intend to (1) issue a non-enforcement policy in the near future covering the portions of the 2024 Rule that are applicable for plan years beginning on or after January 1, 2025 and January 1, 2026, and (2) reexamine the Departments' current MHPAEA enforcement program more broadly. To confer with Plaintiff about the requested stay, Defendants provided Plaintiff with a copy of the non-enforcement policy that they expect to publicly release memorializing their intention not to enforce the portions of the 2024 Rule that are applicable for plan years beginning on or after January 1, 2025, and January 1, 2026.

4. Because the Departments do not intend to enforce parts of the rule and have indicated that they intend to reconsider the regulation challenged in this litigation, the government respectfully submits that it would be appropriate to place this case in abeyance pending the completion of that reconsideration process. Abeyance will greatly conserve party and judicial resources because the Department's reconsideration and potential rescission or modification of the rule will likely bear on the issues presented in this case and potentially obviate the need for further litigation. Postponing further litigation pending the completion of this process will thus promote the efficient and orderly disposition of this litigation. The Departments are prepared to provide periodic status reports as ordered by this Court apprising the Court and the plaintiff of the Departments' progress.

5. Pursuant to Local Civil Rule 7(m), Defendants have consulted with counsel for plaintiffs who consent to the government's proposal for an abeyance pending the Departments'

reconsideration of the rule challenged here. Plaintiff through counsel noted that "We would reserve our right to resume litigation at any time if necessary."

6. Defendants recognize that this Court's Standing Order requires any motions for extension to be filed at least four days in advance of the deadline. Since this motion requests similar relief as an extension, Defendants respectfully request that the Court excuse Defendants' noncompliance with the requirement. The delay is due in part to Defendants' efforts to confer about the requested stay relief with Plaintiff. The agencies had not finalized their expected non-enforcement policy until May 8, 2025, after which the undersigned promptly conferred with Plaintiff's counsel about this requested relief for a stay and provided Plaintiff's counsel with a copy of the non-enforcement policy to negotiate a potential consent to the requested stay. Plaintiff's counsel had additional questions about the non-enforcement policy, which undersigned thereafter provided a response on May 9, 2025. The parties thereafter conferred further, at which Plaintiff indicated that they consent to the requested stay. Defendants then promptly filed this motion.

7. For the foregoing reasons, the Departments respectfully request that this case be held in abeyance pending the Departments' further consideration. The Departments respectfully propose to update the Court with status reports every ninety days.

*   *   *

Dated: May 9, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:      /s/ Erika Oblea
ERIKA OBLEA, D.C. Bar # 1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
Erika.Oblea@usdoj.gov

*Attorneys for the United States of America*

4