**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The ERISA Industry Committee,<br>Plaintiff,<br>v.<br>United States Department of Health and Human Services, *et al.*,<br>Defendants. | Case No. 25-cv-136-TJK |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Orders dated May 12, 2025 and April 2, 2026, Plaintiff The ERISA Industry Committee ("ERIC") and Defendants U.S. Department of Health and Human Services, U.S. Department of the Treasury, and U.S. Department of Labor ("the Departments") respectfully file this joint status report on the progress of the Departments' reconsideration of the rule at issue in this litigation.

1. This action involves a challenge to a rule issued by the Departments purporting to implement the requirements of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), as amended by the Consolidated Appropriations Act, 2021. The challenged rule is *Requirements Related to the Mental Health Parity and Addiction Equity Act*, 89 Fed. Reg. 77586 (Sept. 23, 2024) ("the Rule").

2. **Position of the Departments.** Since the parties' last joint status report on March 30, 2026, the Departments have continued to evaluate the Rule and ERIC's challenge. The Departments have determined that, rather than defend the Rule in this proceeding, they will issue a new proposed rule, including anticipated significant revisions to the provisions of the Rule that ERIC has challenged in this lawsuit. The Departments have made significant progress in developing a new proposed rule. However, the Departments are working to address several Administration priorities under the Departments' jurisdictions, including the NPRM as outlined in the Departments'

2026 Spring Regulatory Agenda. The Departments intend to send the NPRM to the Office of Information and Regulatory Affairs (OIRA) on or before December 18, 2026. The Departments anticipate OIRA review to be completed in the ordinary course *within* 90 days in accordance with Executive Order 12866. The Departments will work diligently to adhere to their commitment to issue an NPRM and will provide a more specific timing for the publication of the NPRM in the next joint status report.

3. In the meantime, the Departments continue to adhere to their prior commitment not to enforce the 2024 Final Rule or otherwise pursue enforcement actions, based on a failure to comply that occurs prior to a final decision in the litigation, plus an additional 18 months. This enforcement relief applies only with respect to those portions of the 2024 Final Rule that are new in relation to the 2013 Final Rule. On September 8, 2026, the Department of Labor published Field Assistance Bulletin 2026-03 highlighting that the Departments will continue to not pursue enforcement actions of those portions of the 2024 Final Rule that are new in relation to the 2013 Final Rule, and that the Department of Labor will narrow its enforcement focus areas relating to requests for nonquantitative treatment limitation (NQTL) comparative analyses under the statute. Along with the Field Assistance Bulletin, the Department of Labor also released an enforcement guidance tool identifying potential red flags and best practices with regard to NQTL compliance under MHPAEA.

4. The Court's May 12, 2025 Minute Order stayed this case and directed the filing of status reports every 90 days. The Court's April 2, 2026 Minute Order adjusted the deadline for the current status report to account for the release of the 2026 Spring Regulatory Agenda. Plaintiff's request for the Court to direct the Department to answer by January 15, 2027, if they do not propose a rule by December 31, 2026, is premature at this time and, should the Court be inclined to consider

that request, the request should be made by motion rather than in a status report. *See* Fed. R. Civ. P. 7(b)(1). In light of the foregoing, the Departments request that the Court adjust the timing for the next status report as well. Specifically, to advise the Court of any developments related to the Departments' intended publication of a notice of proposed rulemaking, the Departments propose that the next joint status report should be due in approximately 60 days, on or before November 27, 2026.

5. **Position of Plaintiff.** In the parties' last Joint Status Report on March 30, 2026, the Departments told the Court that they "intend … to issue a notice of proposed rulemaking no later than December 31, 2026." Dkt. 18 ¶ 2. Now, the Departments say they "intend to send the NPRM" to the Office of Information and Regulatory Affairs (OIRA) by December 18, 2026; they offer to "provide a more specific timing" for publication of a proposed rule in the "next joint status report."

6. Receipt of a draft proposed rule by OIRA says virtually nothing about when—if ever—a rule will be publicly proposed. OIRA generally has at least 90 days to review draft proposed rules. *See* Exec. Order 12866, *Regulatory Planning and Review*, § 6(b)(2)(B)-(C) (Sept. 30, 1993). And OIRA review may result in a "passback" directing the agency to revise and resubmit the draft proposal. *See id.* § 6(b)(3). Some draft proposed rules sent to OIRA never emerge. In the past two years alone, four draft proposed rules that the Department of Labor sent to OIRA have been withdrawn without issuance of any notice of proposed rulemaking.[1]

[1] *See* OIRA, *OIRA Conclusion of EO 12866 Regulatory Review – RIN 1235-AA54*, https://www.reginfo.gov/public/do/eoDetails?rrid=994961 (last visited September 30, 2026); OIRA, *OIRA Conclusion of EO 12866 Regulatory Review – RIN 1235-AA53*, https://www.reginfo.gov/public/do/eoDetails?rrid=994811 (last visited September 30, 2026); OIRA, *OIRA Conclusion of EO 12866 Regulatory Review – RIN 1218-AC46*, https://www.reginfo.gov/public/do/eoDetails?rrid=779461 (last visited September 30, 2026); OIRA, *OIRA Conclusion of EO 12866*

7. Moreover, the Departments do not even commit to achieve this dubious bureaucratic milestone by December; they merely "intend to send" it to OIRA by then. In short, the Departments' Position is a dramatic change from the government's previous representations regarding the rulemaking schedule—representations that induced Plaintiff to agree to a stay in a suit that will have been pending two years come January 2027, yet in which the government has not filed an Answer.

8. The Departments cite the press of other business to excuse their delay. But respectfully, that other business cannot be allowed to take priority over this long-pending matter and the government's previous representations. Plaintiff further believes that the Departments should be directed to file an Answer by January 15, 2027 if they do not propose a rule by December 31, 2026. Plaintiff reserves the right to file a motion with the Court so requesting.

9. In the meantime, in order to monitor the government's continued progress toward the steps it has committed to take by December 2026, Plaintiff believes that joint status reports should be filed every 30 days from now until at least January 31, 2027, with the next joint status report due on or before October 30, 2026.

---

*Regulatory Review – RIN 1245-AA14*, https://www.reginfo.gov/public/do/eoDetails?rrid=596911 (last visited September 30, 2026).

Dated: September 30, 2026

/s/ Eugene Scalia
Eugene Scalia
Matthew S. Rozen
Rebecca E. Smith
Robert A. Batista
Aaron Gyde
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500
EScalia@gibsondunn.com
MRozen@gibsondunn.com
BSmith@gibsondunn.com
RBatista@gibsondunn.com
AGyde@gibsondunn.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Xinyu Yang
Xinyu Yang, Texas Bar #24098643
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7225
Xinyu.Yang@usdoj.gov

*Attorneys for the United States of America*